J-S21038-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD D. WILSON | : | |
| | : | |
| Appellant | : | No. 1556 WDA 2019 |

Appeal from the Judgment of Sentence Entered July 18, 2019
in the Court of Common Pleas of Armstrong County
Criminal Division at No(s):  CP-03-CR-0000647-2018

BEFORE:  LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    FILED JULY 29, 2020

Edward D. Wilson ("Wilson") appeals from the judgment of sentence imposed following his convictions of one count each of aggravated assault and simple assault.[1]  We affirm.

On the evening of July 8, 2018, Chad Bennett ("Bennett"), his ex-girlfriend, Crystal Johns ("Johns"), and friend, Justin Batten ("Batten"), were drinking at the Hot Spot bar in Kittanning, Pennsylvania.  At approximately 1:30 a.m. on July 9, 2018, Bennett, Batten, and Johns left the Hot Spot and drove to the house of Johns's aunt.  When they arrived at the house, Johns went inside while Bennett and Batten waited for her to return.

At some point, Johns exited the house and began looking for something in her car.  While Bennett and Batten were waiting, Wilson arrived at the house

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2701(a)(2).

on a tractor.  Wilson got off of the tractor, ran towards Johns, and struck Johns in the face several times.  Bennett saw Wilson strike Johns, shouted at Wilson and walked towards him.  Wilson and Bennett approached each other and began fighting.  Some time thereafter, Batten broke up the fight.  Batten and Bennett discovered that Bennett had suffered a large gash wound from his sternum to his stomach, and Bennett's intestines were visible.  No one saw any weapons or sharp objects, and none were recovered.  Bennett was transported to the hospital, and had several feet of his intestines removed as a result of his injuries.

A jury subsequently convicted Wilson of the above-mentioned crimes. The trial court deferred sentencing for the purposes of preparing a pre-sentence investigation report.  On April 12, 2018, prior to sentencing, Wilson filed a Post-Trial Motion alleging that the Commonwealth committed a Brady[2] violation and requesting a new trial.  Specifically, Wilson argued that the Commonwealth had failed to disclose the "Agreement to Classify Case as

_____

[2] See Brady v. Maryland, 373 U.S. 83, 87 (1963) (holding that the prosecution must disclose evidence favorable to the accused that is material either to guilt or punishment).

Inactive" ("Inactive Agreement"),[3] which the Commonwealth used to secure Bennett's testimony against Wilson. The trial court considered the Motion to be a premature post-sentence motion and deferred ruling until after Wilson's sentencing.

On July 18, 2019, the trial court sentenced Wilson to a term of 10 to 20 years in prison for the aggravated assault conviction, with credit for time served, plus fines and costs. The trial court imposed no further penalty for Wilson's conviction of simple assault.

_____

[3] In its Memorandum and Order, the trial court explained the unique practice of inactive status and inactive agreements in Armstrong County. "In Armstrong County, inactive status operates a[s a] general continuance of a case, pending some action that causes the case to be placed back on active status." See Post-Sentence Motion Memorandum and Order, 9/20/19, at 3. Further, "[i]nactive agreements are not a matter of public record." Id. The original copy of the agreement are retained by the Court Administrator until active status is resumed, at which point the Court Administrator discards the original agreement. Id. Additionally, the Commonwealth keeps a physical copy of any inactive agreements. Id.

On July 21, 2017, prior to the filing of charges against Wilson in the instant case, Bennett was charged in a separate case with drug-related offenses. The Commonwealth and Bennett subsequently entered into the Inactive Agreement. As a result, Bennett's case was placed on inactive status pending the outcome of Wilson's trial. The trial court found that, pursuant to the Inactive Agreement, Bennett waived his Pa.R.Crim.P. 600 speedy trial rights and his right to assert the applicable statute of limitations "as consideration for being placed on [i]nactive [s]tatus." Id. at 3. The Inactive Agreement further specified that Bennett's case would remain inactive "until [Wilson's] matter is finalized." Id. At some point, the Commonwealth provided discovery materials to Wilson, but did not include a copy of, or otherwise mention, the Inactive Agreement. Id. at 3-5. Ultimately, Wilson was not made aware of the Inactive Agreement until post-sentence proceedings. Id.

On July 24, 2019, Wilson filed a Supplemental Post-Sentence Motion, in which he incorporated the Brady claim, and included a list of witnesses to testify about the Inactive Agreement. The trial court conducted a Post-Sentence Motion hearing on September 6, 2019. On September 20, 2019, the trial court issued a Memorandum and Order denying Wilson's Motion for failure to establish the prejudice requirement of Brady. Thereafter, Wilson filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Wilson now raises the following issues for our review:

1. Whether the trial court erred in failing to grant a new trial based on the violation of Brady v. Maryland and [Pa.R.Crim.P.] 573(B)(1)[,] where the Commonwealth purposely withheld evidence affecting a witness'[s] credibility and such evidence was material and prejudicial in the finding of guilt of [Wilson]?

2. Whether the trial court erred in imposing an illegal sentence by improperly applying 42 Pa.C.S.A. §[]9714 and its three[-]strike enhancement?

Brief for Appellant at 7 (issues renumbered; some capitalization omitted).[4]

In his first claim, Wilson argues that the trial court erred when it denied his Motion requesting a new trial based upon the alleged Brady violation. Id. at 14. Wilson asserts that the Commonwealth withheld its Inactive Agreement with Bennett. Id. at 15. Wilson contends that the Inactive Agreement was used to secure Bennett's testimony against Wilson in exchange for an

_____

[4] Wilson has withdrawn the second issue in his brief, and does not address this claim in the Argument section of his brief. Accordingly, we will not review this claim.

unspecified, but more favorable, sentence for Bennett. Id. at 15-16. Additionally, Wilson alleges that the Inactive Agreement would have been used to impeach Bennett at trial because Bennett did not want to testify against Wilson until after Bennett had entered into the Inactive Agreement. Id. at 13-14. Wilson acknowledges that Batten also testified about the altercation, but claims that the suppression of the Inactive Agreement prejudiced him because "[w]ithout Bennett's testimony, the testimony provided would not have been ample to convict Wilson of any of the offenses[.]" Id. at 18-20.

> Our Supreme Court has explained that
>
> in order to establish a Brady violation, a defendant must show that: (1) the evidence was suppressed by the state, either willfully or inadvertently; (2) the evidence was favorable to the defendant either because it was exculpatory or because it could have been used for impeachment; and (3) the evidence was material, in that its omission resulted in prejudice to the defendant. However, the mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense. Rather, evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Commonwealth v. Williams, 168 A.3d 97, 109 (Pa. 2017) (citations, quotation marks, and brackets omitted). Further, "[t]o obtain a new trial based on the Commonwealth's failure to disclose evidence affecting a witness's credibility, the defendant must demonstrate that the reliability of the witness may be determinative of the defendant's guilt or innocence."

Commonwealth v. Tharp, 101 A.3d 736, 747 (Pa. 2014). "Therefore, even if the first two prongs have been established, a defendant must establish that he was prejudiced by the failure to disclose." Commonwealth v. Pugh, 101 A.3d 820, 825 (Pa. Super. 2014) (en banc).

Instantly, the trial court concluded that Wilson had failed to establish prejudice resulting from the nondisclosure of the Inactive Agreement with Bennett. See Post-Sentence Motion Memorandum and Order, 9/20/19, at 15. In denying Wilson's claim, the trial court stated the following:

> Despite the fact that the Inactive Agreement was itself a benefit conferred on Bennett and that it was not disclosed by the Commonwealth, [] the agreement was not so material and exculpatory that it undermined confidence in the ultimate verdict. … [A]t issue in this case was not whether [Wilson] and Bennett were engaged in a fight at all or whether Bennett's injuries were caused by the fight. There was ample medical testimony regarding Bennett's injuries and another eyewitness, [Batten], corroborated Bennett's testimony. Further, the jury acquitted the defendant of the aggravated assault charge related to the use of a deadly weapon, most likely because it did not find sufficient evidence in the record identifying such a weapon. Bennett admitted in his testimony that he did not recall seeing[,] at any time[,] a knife or other sharp implement utilized by [Wilson]. Even without Bennett's testimony, there was ample evidence introduced at trial to support the jury's verdict. See Tharp[, supra.]
>
> *     *     *
>
> Given the other evidence establishing [Wilson]'s guilt, [] the existence of the Inactive Agreement was [not] so material to Bennett's credibility and [Wilson]'s guilt that its absence from trial undermines the reliability of the verdict. On that basis, [Wilson] has not established all of the requisite elements of a [Brady] claim[.]

Id. at 13-15 (some citations omitted). We agree with and adopt the reasoning

of the trial court, in rejecting this claim. See id; see also Pugh, supra.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2020